*H. G. Hendershott*, for defendant.

———•◦•———

## DAVIS v. MOFFITT.

This court will not reverse upon questions of fact, unless the testimony of record clearly shows error,

All legal presumptions will favor the decision below.

Where a plea in abatement put in issue plaintiff's right to the office of supervisor, it was incumbent upon him to show that he held the office by right.

*Appeal from Cedar District Court.*

*Opinion by* KINNEY, J. Suit before a justice, brought

Davis *v.* Moffitt.

for refusing to work on the road. Plea in abatement; trial had, and judgment for plaintiff. Appeal to the district court. Jury waived, and the question of fact as well as law, whether Davis was supervisor, submitted to the court, and judgment for defendant upon his plea in abatement. The testimony, by agreement, is sent up to this court. From that testimony we cannot see that the court erred. Acting as a jury, unless that testimony was clearly insufficient to authorize the decision, the court would not reverse. All legal presumptions are in favor of the decision. The judgment will not be disturbed unless the error is palpable. There is no particular ruling of the court upon any question of law by which the error, if any, is made manifest; no bill of exception.

The testimony shows that Davis was supervisor *de-facto*, and one witness swears that the township clerk informed him that he had been sworn into office. The clerk testified that Davis was not qualified; other witnesses testify that the people did not work the road under him, because they thought he had not taken the oath of office. It seems that there was no recognition of him as an officer, by those whose duty it was to perform labor upon the highway, and as the plea in abatement put directly in issue his right to the office, it was incumbent upon him to prove that he was an officer *de jure* as well as *de-facto*. It does not appear from the testimony that he did this, and the court, so far as we can judge, decided correctly in rendering judgment against him.

Judgment affirmed.

*Wm. Penn Clarke* and *S. Whicher*, for appellant.

*W. H. Tuthill* and *Wm. Smyth*, for appellee.